UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARY JOANNE CAIN,

                    Plaintiff,

      v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                    Defendant.

CASE NO. C15-5580-BHS-MAT

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY
APPEAL

        Plaintiff Mary Joanne Cain proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner).  The Commissioner denied Plaintiff's applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ).  Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court recommends that this matter be REVERSED and REMANDED for further administrative proceedings.

/ / /

/ / /

/ / /

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 1

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1961.[1]  She has a GED and previously worked as a cook, housekeeper, child care provider, and kitchen manager.  (AR 194-95.)

In June 2012, Plaintiff filed applications for DIB and SSI, alleging disability beginning November 15, 2011.  (AR 169-80.)  Her applications were denied at the initial level and on reconsideration, and Plaintiff timely requested a hearing.  (AR 101-10, 112-18, 121-22.)

On January 14, 2014, ALJ Dan R. Hyatt held a hearing, taking testimony from Plaintiff and a vocational expert (VE).  (AR 39-69.)  On February 25, 2014, the ALJ issued a decision finding Plaintiff not disabled.  (AR 11-18.)  The Appeals Council denied Plaintiff's request for review on June 17, 2015 (AR 1-6), making the ALJ's decision the final decision of the Commissioner.  Plaintiff now seeks judicial review.

**JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

**DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it must be determined whether the claimant is gainfully employed.  The ALJ found Plaintiff had not worked after the alleged onset date.  (AR 13.)  At step two, it must be determined whether a claimant suffers from a severe impairment.  The ALJ found severe Plaintiff's affective disorder, personality disorder, and marijuana use.  (AR 13-14.)  Step three asks whether a claimant's impairments meet or equal a listed impairment.  The ALJ found that Plaintiff's impairments did

---

[1] Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 2

1    not meet or equal the criteria of a listed impairment.  (AR 14-15.)

2           If a claimant's impairments do not meet or equal a listing, the Commissioner must assess

3    residual functional capacity (RFC) and determine at step four whether the claimant demonstrated

4    an inability to perform past relevant work.  The ALJ found Plaintiff able to perform a full range

5    of work at all exertional levels, but limited her to having no contact with the public and

6    occasional interaction with coworkers.  She is also limited to work that involves no independent

7    judgment, and to jobs with a specific vocational preparation level of 3.  (AR 15-17.)

8           With that assessment, the ALJ found Plaintiff able to perform her past work as a cook,

9    childcare provider, and housekeeper.  (AR 18.)  Because the ALJ found Plaintiff capable of

10   performing her past work, he did not proceed to step five.

11          This Court's review of the ALJ's decision is limited to whether the decision is in

12   accordance with the law and the findings supported by substantial evidence in the record as a

13   whole.  *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).  Substantial evidence means more

14   than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable

15   mind might accept as adequate to support a conclusion.  *Magallanes v. Bowen*, 881 F.2d 747,

16   750 (9th Cir. 1989).  If there is more than one rational interpretation, one of which supports the

17   ALJ's decision, the Court must uphold that decision.  *Thomas v. Barnhart*, 278 F.3d 947, 954

18   (9th Cir. 2002).

19          Plaintiff argues the ALJ erred in failing to account for all limitations included in the State

20   agency opinions, despite purporting to give those opinions great weight.  Plaintiff also alleges

21   that the ALJ erred in identifying Plaintiff's past work experience as "past relevant work," as

22   defined by the regulations.  The Commissioner argues that any error in the ALJ's decision is

23   harmless, and it should be affirmed.

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 3

<u>State Agency Opinions</u>

The State agency psychological consultants opined, at the initial and reconsideration levels, that Plaintiff was limited to simple work and to working in small groups of co-workers. (AR 53-54, 81-83.)  The ALJ purported to give "significant weight" to the State agency opinions (AR 17), but did not include a restriction to simple work or to working with a small group of co-workers in the RFC assessment.  (AR 15.)

This aspect of the ALJ's decision is erroneous, because an ALJ must explain why a medical opinion that conflicts with the RFC assessment is not adopted.  *See* Social Security Ruling 96-8p, 1996 WL 374184, at *7 (Jul. 2, 1996) ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.").  Although the Commissioner points to evidence from the record "at large" to support the ALJ's RFC assessment (Dkt. 12 at 4-6), she provides no specific defense to the ALJ's failure to explicitly explain why the disputed portions of the State agency opinions were not included, despite being given significant weight.

Accordingly, on remand the ALJ shall reconsider the State agency opinions and either credit them in their entirety, or provide legally sufficient reasons to reject them.

<u>Past Relevant Work</u>

Plaintiff argues that the ALJ's step-four findings are erroneous for multiple reasons independent from the RFC errors discussed in the previous section.  First, Plaintiff argues that the ALJ erred in finding that she could perform the job of housekeeper, despite a prohibition on contact with the public, because the Dictionary of Occupational Titles (DOT) defines the job tasks to possibly involve "render[ing] personal assistance to patrons."  *See* DOT 323.687-014, 1991 WL 672783 (Jan. 1, 2008).  But the DOT goes on to rate the job characteristics of taking

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 4

1    instructions/helping as "not significant," and also describes "talking" as an activity "not present"

2    in this job.  *Id.*  Plaintiff has not established an apparent contradiction between the VE's

3    testimony and the DOT that warranted further explanation.  *See Johnson v. Shalala*, 60 F.3d

4    1428, 1435 (9th Cir. 1995).

5         Plaintiff's second challenge to the ALJ's step-four findings relates to the categorization

6    of her past work as a housekeeper and childcare provider as "past relevant work," as defined by

7    20 C.F.R. §§ 404.1565, 416.965.  Plaintiff argues that it is not clear, based on Plaintiff's earnings

8    record, that she earned enough for these jobs to be considered "substantial gainful activity"

9    (SGA) as that term is defined in the regulations.  Dkt. 11 at 9.

10        Plaintiff reported that she completed miscellaneous self-employment work in 2010 and

11   2011, which included cooking, baking, painting, housework, Ebay, surveys, yard/bake sales, and

12   babysitting.  (AR 27-28, 215-16.)  Her earnings reports for 2010 and 2011 reflect $10,091 and

13   $12,845, respectively.  (AR 187.)  Plaintiff argues that because the work she performed in 2010

14   and 2011 included numerous activities, it is not clear that she performed the jobs of housekeeper

15   or childcare provider at SGA earnings levels or for the length of time necessary to learn how to

16   do those jobs.

17        The Commissioner argues that the lack of specific information as to the length of time

18   these jobs were performed, or the amount of money earned as to each specific job, does not

19   suggest error in the ALJ's decision because it is Plaintiff who bears the burden to show that her

20   past jobs do not qualify as "past relevant work."  Dkt. 12 at 8.  According to the Commissioner,

21   because the work Plaintiff reported is the type of work normally done for pay or profit, even if

22   Plaintiff did not earn amounts higher than the presumptive SGA level, she nonetheless performed

23   SGA.  Dkt. 12 at 8 (citing 20 C.F.R. § 404.1572(b), 416.972(b)).  Plaintiff contends that the

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 5

1  Court should not be persuaded by the Commissioner's reasoning, because the ALJ did not

2  articulate that same reasoning.

3       But Plaintiff misses the Commissioner's point: the Commissioner set out how SGA is not

4  as rigidly defined as Plaintiff avers, and thus the ALJ's findings are not necessarily erroneous

5  because Plaintiff described doing work that could constitute SGA.  The Court agrees with the

6  Commissioner that Plaintiff has not met her burden to show that the ALJ's step-four findings are

7  erroneous in this regard.

8       The ALJ may, however, need to nonetheless reconsider the step-four findings in light of

9  the reconsidered State agency opinions and any resulting modification to the RFC assessment.

10  Plaintiff may therefore present her arguments regarding her past relevant work to the ALJ on

11  remand.

12                              CONCLUSION

13       For the reasons set forth above, the Court recommends this matter should be REVERSED

14  and REMANDED for further administrative proceedings.

15                         DEADLINE FOR OBJECTIONS

16       Objections to this Report and Recommendation, if any, should be filed with the Clerk and

17  served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and

18  Recommendation is signed.  Failure to file objections within the specified time may affect your

19  right to appeal.  Objections should be noted for consideration on the District Judge's motions

20  calendar for the third Friday after they are filed.  Responses to objections may be filed within

21  **fourteen (14) days** after service of objections.  If no timely objections are filed, the matter will

22  / / /

23  / / /

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 6

1   be ready for consideration by the District Judge on **February 12, 2016**.

2         DATED this 22nd day of January, 2016.

3

4   _____

      Mary Alice Theiler

5         United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 7